UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOSE ARTEGA RODRIGUEZ, | ) | |
| Institutional ID No. 11782-179, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:14-CV-011-BG |
| S. McADAMS, Warden, | ) | ECF |
| Dalby Facility, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Plaintiff Jose Artega Rodriguez is a federal inmate incarcerated at the Giles W. Dalby Correctional Facility (Dalby Facility), a private correctional facility operated by Management & Training Corporation under contract with the Federal Bureau of Prisons. He filed this civil rights action *pro se* and *in forma pauperis* complaining of the medical care he receives at the prison.

The district court thereafter transferred the case to the undersigned magistrate judge for preliminary screening, the undersigned required Rodriguez to provide responses to a Questionnaire, and Rodriguez complied. *See Brewster v. Dretke*, 587 F.3d 764, 767–78 (5th Cir. 2009); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (acknowledging the use of a questionnaire to aid review of a *pro se* litigant's complaint at the preliminary screening stage). Responses to a questionnaire become part of the plaintiff's pleadings, *Berry*, 192 F.3d at 507, and the undersigned considered Rodriguez's responses in conjunction with his Complaint. The undersigned also considered authenticated medical records from Dalby Facility.

Based on the allegations in Rodriguez's Complaint, his responses to the Questionnaire, and the authenticated medical records, it is recommended that the district court dismiss this action with prejudice.

**I.  Standard of Review**

The court must screen a complaint brought *in forma pauperis* and dismiss it if the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2014).  An action is frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  The court has broad discretion in determining whether a complaint brought *in forma pauperis* should be dismissed and may dismiss the complaint based on the plaintiff's allegations as well as authenticated prison records.  *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (acknowledging that dismissals may be based on adequately identified or authenticated records).

**II.  Rodriguez's Claims**

Rodriguez claims that he suffered dislocation in his knees at some time in the past, he experiences extreme pain as a result, and that knee replacement surgery is necessary to alleviate his pain.  He claims that a doctor at an Arkansas facility where he was previously incarcerated recommended that he undergo bilateral knee replacement surgery, but Dalby Facility medical staff refuse to provide the surgery.  Rodriguez alleges that the refusal to provide him with knee replacement surgery constitutes deliberate indifference to his serious medical needs and therefore a violation of the Eighth Amendment to the United States Constitution.  He seeks injunctive relief and specifically asks the court to order prison officials to provide him with bilateral knee replacement surgery and other medical treatment that would "satisfy [his] concerns."  Resp. 3.

**III.  Discussion**

A court may order injunctive relief to prevent an entity from acting unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001).  Because

Rodriguez alleges deliberate indifference to serious medical needs, the question is whether prison officials at Dalby Facility are acting in violation of the Eighth Amendment. A prison official violates the Eighth Amendment when he acts with deliberate indifference to an inmate's serious needs, "constituting an unnecessary and wanton infliction of pain." *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (citation and internal quotation omitted). "Deliberate indifference," for purposes of Eighth Amendment analysis to prisoner medical claims, means that the prison official has disregarded the prisoner's serious medical needs. *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (citations omitted). Deliberate indifference may be found only if it is shown that medical staff "'refused to treat [the inmate], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Authenticated medical records may rebut an inmate's allegations of deliberate indifference to serious medical needs. *Banuelos*, 41 F.3d at 234.

The authenticated medical records show that Rodriguez began suffering from pain in his right knee in 2007 after a slip and fall accident at the Arkansas facility. Records thereafter show that medical staff treated Rodriguez's pain with medication. In November 2013 he was transferred to Dalby Facility and underwent physical examinations at the time of his transfer during which he complained of bilateral knee pain. Patrick Hanford, D.O., assigned Rodriguez to bottom bunk on a lower floor, ordered diagnostic imaging of Rodriguez's knees and legs, and prescribed pain medication.

Radiographic imaging results in the authenticated medical records show marginal degenerative changes, some narrowing in joint space, and mild dislocation of the tibia relative to the

femur in both legs. Imaging of his left leg shows no fracture or dislocation and mild degenerative changes in the knee. Imaging of his right leg shows normal results. At an examination after Rodriguez underwent the diagnostic imaging, he contended that he was told at the Arkansas facility that he should undergo knee replacement. Dr. Hanford concluded, however, that there were "no gross deformities of the knees" and he continued the pain mediation prescriptions and recommended weight loss and exercise. The authenticated records show that Dr. Hanford continued treating Rodriguez for his knee pain and other health conditions and continued to recommend weight loss.

Weight loss was also recommended during Rodriguez's incarceration at the Arkansas facility. According to documents Rodriguez attached to his responses to the Questionnaire, a consulting physician recommended "weight loss and bilateral total knee replacements, should symptoms persist." Resp. 4. However, a request for knee replacement surgery was denied at the regional level due to Rodriguez's Body Mass Index (BMI), which was above the recommended level to proceed with surgery.[1]  Resp. 4, 7.

Therefore, a physician at the Arkansas facility may have recommended bilateral knee replacement, but it was determined that Rodriguez was not a candidate for surgery due to his BMI. Nonetheless, even if physicians at the Arkansas facility believed that surgery was necessary, Dr. Hanford, Rodriguez's treating physician at Dalby Facility, does not. He believes instead that diet, exercise, and conservative treatment with pain medication is the appropriate course of treatment. Rodriguez strongly disagrees with Dr. Hanford's opinion. In addition, according to Rodriguez, Dr. Hanford does not believe that he needs special medical shoes. However, the authenticated records show that it was determined that Rodriguez did not have a deformity that

---

[1] According to authenticated medical records from Dalby Facility, Rodriguez is 5 foot, 2 inches tall, and his weight has ranged from 221 to 240 pounds during his incarceration. At the time surgery was denied, Rodriguez had a BMI of 45. Records from Dalby Facility include documentation of a BMI of 43.

4

would warrant special medical shoes. Rodriguez also disagrees with this determination.

The disagreements regarding medical opinions in this case do not implicate the Eighth Amendment. First, a doctor's decision to follow a course of medical treatment different than that recommended by other medical personnel is merely a difference in opinion between medical personnel regarding the appropriate medical treatment for a prisoner, and such does not constitute deliberate indifference to serious medical needs. *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999). Likewise, there is no violation of the Eighth Amendment merely because a prisoner disagrees with his doctor's medical opinion and course of medical treatment. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). The type of treatment indicated for a prisoner's medical condition is a "classic example of a matter of medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

Again, actions by prison staff that implicate Eighth Amendment concerns are those that demonstrate a wanton disregard for the prisoner's serious medical needs. *Domino*, 239 F.3d at 756. The evidence and allegations in this case do not indicate that any member of Dalby Facility staff has acted with wanton disregard for any Rodriguez's medical needs. To the contrary, medical staff at the prison have provided examination and routine monitoring of Rodriguez's medical needs. For example, medical staff prescribe Zocor to control his cholesterol, Zantac for gastroesophageal reflux, naproxen and meloxicam for pain, and a diuretic, and Rodriguez takes these medications on a regular basis. Medical staff have also provided various over the counter medications and have examined Rodriguez in the clinic when he complains of minor illnesses. In addition, the authenticated records show that Rodriguez has undergone ECGs to monitor his heart, and medical staff monitor a reducible hernia. Again, although Dr. Hanford has concluded that knee surgery and

5

medical shoes are not warranted in Rodriguez's case, the authenticated medical records show that the doctor considered diagnostic imaging and results of physical examination before reaching those conclusions.

The undersigned has considered the type and frequency of medical care shown in the authenticated medical records, and that medical care cannot be characterized as deliberate indifference. To the contrary, the records show that physicians have been responsive to Rodriguez's complaints and have addressed them with medication and other forms of treatment and accommodation.

The deliberate indifference standard applied to prisoner Eighth Amendment claims does not require prison staff to "comply with an optimal standard of care." *Kitchen v. Dallas Co., Tex.*, 759 F.3d 468, 482 (5th Cir. 2014). Rather, prison staff must provide "adequate medical care." *Rogers*, 709 F.3d at 409 (internal quotations omitted). Prison staff at Dalby Facility have done so. Medical staff have not "'refused to treat [Rodriguez], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson*, 759 F.2d at 1238). Accordingly, Rodriguez's allegations do not warrant injunctive or any other form of relief.

**IV.     Recommendation**

Based on the discussion in this Report and Recommendation, the undersigned recommends that the district court dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The undersigned further recommends that any pending motions be denied as moot and that this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

## V.     Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     October 27, 2014.

NANCY M. KOENIG
United States Magistrate Judge

7